[Civ. No. 758. Fourth Appellate District.—March 23, 1932.]

C. F. COOK et al., Respondents, v. D. L. GENTRY et al., Appellants.

Harris, Willey, Griffith & Harris for Appellants.

Carl E. Lindsay and Lindsay & Gearhart for Respondents.

MARKS, J.—Respondents were the owners of a house and lot and a bakery business in Coalinga, California, which was their community property. On or about November 7, 1928, they entered into a verbal contract with appellants whereby respondents agreed to sell and appellants agreed to buy the property upon the following terms: Payment to respondents of $1,000 cash and the payment of a bill of $160 owed by respondents to W. D. Bennett, these sums equaling respondents' equity in the house and lot; assumption and payment of an encumbrance on the house and lot; assumption and payment of all debts of the bakery business amounting to about $1250; payment of a $500 note and interest thereon to a Coalinga bank upon which C. F. Cook was one of two makers. The sales contract was divided into two parts; the $1,000, together with the payment of the Bennett bill and the encumbrance was to be payment in full for the real estate. The assumption and payment of the other obligations was to be payment for the bakery business. C. F. Cook, but not his wife, executed a deed to the real property to appellants and delivered possession to them on November 7, 1928.

Respondents instituted this action to cancel the deed and recover possession of the real property together with $150 rental value of the property and $500 damages. The trial court gave judgment canceling the deed and restoring possession to respondents, but did not give them anything for the rental value or any damages.

Appellants alleged they had fully paid for the real estate. They urge as their sole ground for a reversal

of the judgment that the finding of the trial court to the effect that the house and lot was not fully paid for by them is not supported by the evidence and is contrary to the evidence. It should not be necessary to have to call to the attention of members of the bar the elementary principle that where there is any competent and material evidence in the record to support the findings and judgment, a reversal cannot be had because of a conflict in the evidence.

The finding that the $1,000 was not paid to respondents is amply supported by the evidence. On or about November 7, 1928, Mrs. Gentry gave Cook a check for $500. There was present a representative of the Sperry Flour Company, one of the creditors of the bakery business. Cook gave the following account of the disposition of this check: "A. This, Fresna, and I owed them on account and he happened to come over there when we were transacting the deal. Q. You say 'he'. Who was 'he'? A. Mr. Kelley, I think the gentleman is present. So Mr. Kelley said he would have to have a substantial payment on this account before he would extend credit to the Gentrys, and Mrs. Gentry asked him how much he would have to have and he said $500.00. She says, 'Well, Curt, you endorse this check over to him and I will give you another one on the tenth, when we get our money from the oil company to take care of this one.' So I endorsed it over to the Sperry Flour Company and gave it to Mr. Kelley. Q. You never did get any money on that check then? A. No, sir." Several days later Mrs. Gentry gave Cook another check for $500, but appellants had failed to pay the bank note and Cook was compelled to use this money to pay it besides paying the interest himself. It is true that appellants did make some payments to Bennett and also paid a small amount in installments on the encumbrance on the house and lot. The trial judge did not give respondents any rental or damages for the withholding of their property by appellants. He apparently let these items balance each other.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.